IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RAZZOO'S, INC., *et al.*, | Case No. 25-90522 (ARP) |
| Debtors. | (Jointly Administered) |

**ORDER (I) EXTENDING TIME FOR PERFORMANCE OF
OBLIGATIONS ARISING UNDER UNEXPIRED NON-RESIDENTIAL
REAL PROPERTY LEASES AND (II) GRANTING RELATED RELIEF**
**(Relates to Docket No. 79)**

The Court considered the *Motion for Entry of an Order (I) Extending Time for Performance of Obligations Arising Under Unexpired Non-Residential Real Property Leases, and (II) Granting Related Relief* (the "Motion"),[1] filed by Razzoo's, Inc., *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"). The Court having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); that notice of the Motion was sufficient; and it appearing that the emergency relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and that good cause has been shown therefore, finds that the Motion should be GRANTED in part and ABATED in part. It is therefore hereby **ORDERED** that:

1.  The Debtors' obligation to pay rent for November 2025 to the Landlords is hereby extended until the third (3rd) business day after the entry of a final order approving the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Use of Cash*

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Collateral; (II) Authorizing the Debtors to Obtain Secured Post-Petition Financing; (III) Granting Liens and Superpriority Claims; (IV) Granting Adequate Protection; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 22] (the "DIP Motion") and the Debtors shall pay November rent on or before the expiration of such period (the "Extension Period"). The Debtors' failure to timely perform their monetary obligations (including failure to pay Lease Obligations) under any unexpired non-residential real property Lease(s) during the Extension Period shall not constitute a rejection or breach of any such Lease(s), and the rights of the Landlords and all parties related to any payments or obligations accruing or due but unpaid by the Debtors are reserved.

2. All disputes regarding the Debtors' rent payment obligations to Landlords for the month of October 2025 under any of the Debtors' Leases are hereby abated and any objections filed by the Landlords relating to payment of October rent are abated until the earlier of: (i) after the closing of a sale of substantially all of the Debtors' assets; (ii) January 16, 2026; (iii) an uncured event of default under any order granting the DIP Motion; or (iv) the date of entry of an order rejecting the applicable Lease(s) (the "Abatement Period"). On or after the Abatement Period, the Landlords may seek allowance and payment of October 2025 rent as an administrative claim by filing an appropriate request. The Debtors' reserve their right to continue to assert that the October 2025 rent is a prepetition claim and the Landlords reserve all right to contest the same. Nothing herein shall restrict the Landlords ability to assert any cure amount, as provided by Section 365(b)(1) of the Bankruptcy Code (including amounts related to October 2025 rent), related to the Lease(s) or otherwise object pursuant to Section 365(b) of the Bankruptcy Code.

4915-6852-5687, v. 2

3. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

4. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

5. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2025.

_____
THE HONORABLE ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE

4915-6852-5687, v. 2